IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17CV00197 SNLJ ) |
| DARRYL HOUSE, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Darryl House's "Motion to Vacate, Set Aside or Correct Sentence," pursuant to 28 U.S.C. § 2255, doc. #54.

On April 7, 2014, Petitioner Darryl House was found guilty after a jury trial of the offenses of Interference With Commerce by Robbery in violation of Title 18, U.S.C. Section 1951 (hereinafter referred to as the "Hobbs Act") and of Aiding and Abetting the Possession of a Firearm in Furtherance of a Crime of Violence in violation of Title 18, U.S.C. Sections 924(c) and 2. (Case Number 1:13 CR 72 SNLJ; DCD 167) Prior to the trial, the Government filed its Notice of Enhanced Sentencing, informing House of his two prior robbery convictions and that those convictions made him eligible for a life sentence for the Hobbs Act charge pursuant to 18 U.S.C. Section 3559(c). (DCD 32) At sentencing, this Court found that House had previously been convicted of two qualifying serious violent felonies and was eligible for a life sentence pursuant for the Hobbs Act conviction. This Court sentenced House to a term of imprisonment of life for the Hobbs Act conviction and a consecutive 84 months for the Section 924(c) conviction. (DCD

1

225) In his § 2255 petition, House contends that the District Court erred when it determined that his two prior robbery convictions were serious violent felonies qualifying him for a mandatory life sentence and that his life sentence should be set aside. House does not contest his consecutive 84 month sentence for Possession of a Firearm in Furtherance of a Crime of Violence.

## I. PROCEDURAL HISTORY

House was indicted on August 15, 2013, along with Kevin Stitt, Keyessence Johnson and Charla Dinkins for robbing Jayson Jewelers, a jewelry store located in Cape Girardeau, Missouri. (DCD 1) House was arrested and made his initial appearance in this Court on September 11, 2013. (DCD 13) Two days later, on September 13, 2013, the Government filed a Notice of Enhanced Sentencing, informing House that he was eligible for a mandatory life sentence if convicted of the Hobbs Act robbery charge based on his previous conviction history, pursuant to 18 U.S.C. Section 3559(c). (DCD 32) The Government listed two prior convictions of House's as making him eligible for that sentence:

>   (1) On September 20, 2006, in the Circuit Court of Cook County, Illinois, in Case Number 2006CR084680, of the felony of Aggravated Robbery; and
>
>   (2) On July 7, 2001, in the Circuit Court in Tennessee, of the felony of Aggravated Robbery (2 counts).

Section 3559(c) requires the District Court to impose a life sentence upon a

defendant who is convicted under certain conditions. That statute reads, in relevant part, as follows:

> (c) Imprisonment of certain violent felons.—
>
> (1) Mandatory life imprisonment.--Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if—
>
> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of--
>
> (i) 2 or more serious violent felonies; or
>
> (ii) one or more serious violent felonies and one or more serious drug offenses; and
>
> (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.
>
> A "serious violent felony" pursuant to Section 3559(c) is defined as follows:
>
> (F) the term "serious violent felony" means--
>
> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244(a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses;

The statute also allows for certain defendants to escape the mandatory minimum sentence, if their robbery crime was committed without their use of a dangerous weapon:

3

> (3) Nonqualifying felonies.--
>
> (A) Robbery in certain cases.--Robbery, an attempt, conspiracy, or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that--
>
> (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
>
> (ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

House contends that these convictions are not qualified convictions under Title 18, U.S.C. Section 3559(c) making House eligible for a mandatory life sentence for his Hobbs Act robbery conviction. As to his 2006 Illinois conviction, House contends that he did not use a dangerous weapon and that his conviction is disqualified as a serious violent felony under Section 3559(c)(3). As to his 2001 Tennessee robbery convictions, House contends that his counsel did not provide adequate representation. As will become apparent by this Response, those issues were unsuccessfully raised with this Court and the Eighth Circuit and are not cognizable in a Section 2255 petition.

On April 3 and 4, 2014, a jury trial was conducted for House's charges. He was found guilty by the jury of both charges of his indictment. A Presentence Investigation Report was prepared, finding that House was eligible for the mandatory life sentence for the Hobbs Act conviction, based on his prior robbery convictions. (See PSR; DCD 216; p. 16)

After the verdict, House filed a Response to Information Filed by the United States Pursuant to 18 U.S.C. Section 3559(c)(4). (DCD 214) He also filed an Objection to the Presentence Investigation Report that found that House was eligible for that life

4

sentence. (DCD 213) In that Response, House contended that House's prior robbery convictions were not qualifying convictions for the purposes of the mandatory life sentence under Section 3559(c). House contended that the 2006 robbery conviction from Cook County, Illinois, was not a qualifying conviction because "the United States cannot prove that a firearm or other dangerous weapon was used or threatened to be used nor that the offense resulted in death or serious bodily injury." (DCD 214; p. 1) House listed other objections to the Government's Notice of Enhanced Sentence, but those objections are not material to the current petition. House filed a separate Sentencing Memorandum in which he again contended that this conviction was not a qualifying Section 3559(c) conviction because House did not use a firearm in the offense. (See DCD 214) In his current Section 2255 petition, House raises this same ground again.

House also attacked the Government's intent to use his 2001 Tennessee robbery convictions as predicate convictions for the mandatory life sentence under Section 3559(c). In his Response, House contended that his prosecution for that case occurred after the transfer of his case from juvenile to adult court and "was accomplished in volation of his rights to counsel and to due process of law". (DCD 214; p. 2) House's Memorandum of Law explaining his position on these matters contends that, although House was appointed an attorney, that attorney did not function as an attorney and did not provide competent advice. (DCD 215) Again, House's current Section 2255 petition raises this same issue. House's Objections to the use of both convictions as qualifying convictions for Section 3559(c) purposes was overruled by this Court at the sentencing hearing. At that hearing, this Court imposed a life sentence on House for the Hobbs Act

Robbery charge and a consecutive sentence of 84 months for the conviction on Possession of a Firearm in Furtherance of a Crime of Violence. (DCD 225, 226) House appealed his sentence to the Eighth Circuit. See *United States v. House*, 825 F.3d 381 (8th Cir. 2016).

In that appeal, House challenged the same two convictions as Section 3559(c) predicates, alleging that neither qualified as a "serious violent felony" as defined by that statute. The Eighth Circuit disposed of House's argument as to his 2006 Illinois robbery conviction as follows:

> Another reason House argues his Illinois robbery conviction does not qualify as a serious violent felony is because he claims he did not use a dangerous weapon when he committed that crime. According to § 3559(c)(3)(A), robbery cannot be a predicate offense if clear and convincing evidence shows that it did not result in death or serious bodily injury and "no firearm or other dangerous weapon was used" or threatened to be used. 18 U.S.C. § 3559(c)(3)(A). Here, House and his uncle submitted affidavits stating that the conduct underlying his aggravated robbery conviction did not involve the use or threatened use of a dangerous weapon. To have been convicted of the Illinois offense of aggravated robbery, however, House had to have indicated to the victim that he was "armed with a firearm or other dangerous weapon." See 720 Ill. Comp. Stat. 5/18-5 (2006). The district court therefore did not err by determining that his Illinois robbery conviction qualified as a prior serious violent felony.

*House*, 825 F.3d at 387.

This issue is identical to the issue raised by House in the current Section 2255 Petition.

House also appealed whether his 2001 Tennessee conviction was properly classified as a "serious violent felony". That argument was rejected as follows:

6

> Appellant also claims that his Tennessee conviction in 2001 for aggravated robbery does not qualify as a second requisite predicate offense because this conviction was unconstitutional as he cannot recall meeting with an attorney before his hearing on the state's motion to transfer him from juvenile to adult criminal court. His argument fails because "[t]he Constitution only requires federal [sentencing] courts to permit a collateral attack on an earlier state conviction ... [if] the defendant asserts the state court violated [his] right to appointed counsel." *United States v. Jones*, 28 F.3d 69, 70 (8th Cir. 1994). To establish this claim a defendant must allege a "complete lack of representation by counsel during earlier state proceedings." Id. Because House's argument is an ineffective assistance of counsel claim, his 2001 Tennessee conviction cannot be collaterally attacked here. See *United States v. Walker*, 202 F.3d 1066, 1067 (8th Cir. 2000). Since House had at least two prior violent felony convictions, the district court properly sentenced him to life imprisonment under § 3559.

*House*, 825 F.3d at 388.

This issue is identical to the second issue raised by House in the current Section 2255 Petition.

This Court and the Eighth Circuit have already determined that House was properly sentenced to a term of life imprisonment on the Hobbs Act conviction and that House had two prior convictions for serious violent felonies. As to the merits of House's claims, each court provided their reasons why House's prior convictions were serious violent felonies and why he was not denied the right to counsel. House's current Section 2255 Petition does not raise any new claims or facts that would disturb those rulings. The only remaining issue is to determine whether House can raise these two issues in a habeas petition. The short answer is that he cannot.

## II. APPLICABLE LAW

"Section 2255 was intended to afford federal prisoners a remedy identical in scope

7

to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quotation omitted). And like habeas corpus, this statutory remedy "does not encompass all claimed errors in conviction and sentencing." *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Under section 2255(a), a petitioner may file a motion for post-conviction review on four specified grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Martin v. United States*, 150 F. Supp. 3d 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426–27 (1962)); *see also* R. Governing § 2255 Proceedings 1. The petitioner bears the burden of proof as to each asserted ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted).

## A. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. § 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 roceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence

8

relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id.*, at 225-6; *see also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995) *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

9

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A defendant attempting to prove ineffective assistance of counsel within the context of a section 2255 pleading faces a heavy burden. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). More recently the Eighth Circuit has described the *Strickland* test as follows: "Whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to

either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027 (quoting *Strickland*, 466 U.S. at 688). Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

The standard to be used in a collateral charge of ineffective assistance of counsel following a guilty plea is governed by *Hill v. Lockhart*, 474 U.S. 52 (1985), which applies the holding of *Strickland* to instances involving guilty pleas. A movant who pleads guilty upon advice from counsel may only contest the voluntary and intelligent character of the plea by establishing that the advice given was not within the range of professional competence required of the attorney in a criminal case. *Lockhart*, 474 U.S. at 56 (citation omitted).

## III. DISCUSSION

11

## A. HOUSE'S ISSUES RESOLVED ON DIRECT APPEAL MAY NOT BE RELITIGATED IN A SECTION 2255 PETITION.

Because House has already raised the exact same claims of error in his direct appeal, his current issues may not be re-examined in this Petition. As noted above, House complained to the District Court and to the Eighth Circuit that his two robbery convictions were improperly classified as serious violent felonies; that the 2006 Illinois conviction fails because House was inadequately represented by counsel. House lost both arguments with both Courts.

This same situation was presented in *United States v. McGee*, 201 F.3d 1022 (8th Cir. 2000). In that case, the district court ruled against McGee on a drug quantity issue in a sentencing hearing. McGee appealed that decision to the Eighth Circuit. That Court declined to consider McGee's issue, noting that the identical issue had already been decided on direct appeal. *Id.* at 1023. Many other cases have held that an issue previously raised on direct appeal may not be relitigated in a Section 2255 proceeding. (*See United States v. Wiley*, 245 F.3d 750, 751 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255."); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (concluding claims already addressed on direct appeal could not be raised in habeas petition); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding movant "cannot raise the same issues [...] that have been decided on direct appeal").

And yet, that is exactly what House proposes to do in his Section 2255 Petition. He is attempting to relitigate the very issues that were decided against him in

12

his direct appeal. For that reason alone, House's Section 2255 Petition will be dismissed.

## B. THE MERITS

On the merits, House's claims are still incorrect as a matter of law. The statute at the heart of House's complaint is 18 U.S.C. Section 3559(c), which states, in relevant part:

> (c) Imprisonment of certain violent felons.--
> 
> (1) Mandatory life imprisonment.--Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if--
> 
> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of--
> 
> (i) 2 or more serious violent felonies; or
> 
> (ii) one or more serious violent felonies and one or more serious drug offenses; and
> 
> (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.
> 
> (2) Definitions.--For purposes of this subsection—
> 
> (F) the term "serious violent felony" means--
> 
> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244 (a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to

13

commit any of the above offenses; and

(ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense;

Basically, if the defendant is convicted of a serious violent felony in federal court, and the defendant has at least two prior convictions for serious violent felonies from either state or federal court, the defendant must be sentenced to a term of imprisonment of life for the federal crime, provided that the Government filed the proper Notice of Enhancement of Sentence. That Notice was provided in House's case. The Government contends that House had committed a serious violent felony (the Hobbs Act armed robbery of the jewelry store) and that House had previously been convicted of two serious violent felonies, the 2006 Illinois robbery conviction and the 2001 Tennessee robbery convictions. House contends that neither prior state conviction was a serious violent felony, even though the Eighth Circuit has already held that each prior conviction was a serious violent felony.

### 1. HOUSE'S FELONY CONVICTION FOR ILLINOIS AGGRAVATED ROBBERY IN 2001 IS A SERIOUS VIOLENT FELONY.

In this objection, House claims that his Illinois Aggravated Robbery conviction is not a "serious violent felony" as that term is defined by § 3559(c). House claims that the Government cannot prove that a firearm or other dangerous weapon was used or threatened to be used nor that the offense resulted in death or serious bodily injury.

The Government proved at the sentencing hearing that House used a firearm to aid

House in committing that crime by relying on House's charging Indictment for that crime, which reads:

> The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about March 22, 2006,
> at and within the County of Cook, Darryl House committed the offense of Aggravated Robbery in that he, knowingly took property, to wit: a bracelet, from the person or presence of Salaheldin Ismael, <u>by the use of force or by threatening the imminent use of force, while indicating verbally or by his actions to Salaheldin Ismael that he was presently armed with a firearm or other dangerous weapon, to wit: a handgun</u>, in violation of Chapter 720 Act 5 Section 18-5 of the Illinois Compiled Statutes 1992, as amended, and, Contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

House's Illinois Aggravated Robbery Indictment. (Emphasis furnished)

House pled guilty to that charge on September 20, 2006, and was sentenced to six years in prison on the same date. The Indictment that House pled guilty to clearly stated that his robbery offense was committed by House indicating verbally or by his actions that he was armed with a handgun. By pleading guilty to the Indictment, House admitted that he committed Illinois Aggravated Robbery by the use or threat of a handgun.

In order to be a qualifying prior conviction for § 3559(c) purposes, the prior conviction must be an offense listed in §3559(c)(2)(F)(i) or defined by the terms of §

3559(c)(2)(F)(ii). Robbery is just such a conviction listed in § 3559(c)(2)(F)(i).

Also, the crime of Illinois Aggravated Robbery is a Class 1 felony, punishable by a minimum term of imprisonment of four years and a maximum of fifteen years. 720 ILCS 5/18- 5; 730 ILCS 5/5-4.5-30(a). House's crime is a serious violent felony under the second definition, § 3559(c)(2)(F)(ii) because it had a maximum term of imprisonment of at least ten years and because House's crime had, as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

The problem with House's statement and his uncle's affidavit is that it would be impossible for either to have been convicted of Illinois Aggravated Assault without the use of a firearm or dangerous weapon. That statute absolutely requires the use or threatened use of a firearm or dangerous weapon in order to commit the crime. If House's statement is to be believed, he did not commit a crime at all; he was merely present at the scene. Likewise, if Taylor's affidavit is to be believed, he did not commit anything more than simple theft. Stealing jewelry is a far cry from the crime of Aggravated Robbery, which is what both men were convicted of. The conviction documents offered by the Government at the sentencing hearing show that House was arraigned on his Indictment on May 3, 2006. The Indictment charged that House took a bracelet from another person by force by indicating that he was presently armed with a handgun. He pled not guilty to the charge on the same day. On September 20, 2006,

House pled guilty to the Indictment charging him with Illinois Aggravated Robbery. He waived a presentence investigation report and received a sentence of six years imprisonment. In order to be convicted of that crime, House had to admit that he committed the crime with the use or threatened use of a firearm. If he didn't, House should attack his conviction in Illinois courts. So far, he has failed to do so.

House attempts to use statements from him and his uncle in an attempt to "prove" that he didn't use a firearm. House's indictment that he pled guilty to says otherwise. The terms of that indictment were good enough to convince the Eighth Circuit that House used a firearm to accomplish his Illinois robbery offense. Those same statements that House presents now were also used by this Court at sentencing and for his direct appeal. In spite of House's self- serving statements that he did not use a firearm, the nature of his charges prove that he did. This Court previously found that House used a firearm to commit the Illinois robbery after considering the same affidavits and the Illinois Indictment. Nothing has happened that would alter the Court's determination on that matter. House's 2006 Illinois Aggravated Robbery conviction was committed by his use of a firearm and was a serious violent felony.

### 2. HOUSE CANNOT COLLATERALLY ATTACK THE QUALITY OF HIS ATTORNEY FOR THE TRANSFER OF HIS 2001 TENNESSEE ROBBERY CASE FROM JUVENILE COURT TO ADULT COURT.

House attempts to claim that his counsel was ineffective in either his juvenile certification proceeding where his case was transferred to adult court. A defendant may collaterally attack a former state conviction based on the *lack* of appointed counsel in a

federal sentencing hearing, but not for ineffective counsel. House's issue has been rejected by the Supreme Court in *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732 (1994):

> Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon*. We decline to do so. We think that since the decision in *Johnson v. Zerbst* more than half a century ago, and running through our decisions in *Burgett* and *Tucker,* there has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect. Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a "stipulated facts" trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all.

*Custis*, 511 U.S. at 496.

The bar imposed by the holding in *Custis* that a defendant has no right to collaterally attack a prior conviction based on the quality of counsel was reaffirmed recently in this Circuit in *United States v. Lyman*, 991 F.3d 994, 996 (8th Cir. 2021) ("With the exception of convictions obtained in violation of the right to counsel, a defendant has not right 'to collaterally attack prior convictions' in the course of his federal sentencing proceeding.") House does not contend that he was denied counsel. He merely complains that his counsel was ineffective. That complaint is not permitted at a federal sentencing hearing. The failure to appoint counsel in a former criminal case is a "unique" constitutional defect where the defendant may mount a collateral attack. House's potential claims, that his Tennessee counsel was ineffective, is an improper collateral attack not permitted in this Court.

House filed with this Court during his sentencing hearing his statement that he did not meet with his appointed counsel in his Tennessee certification case. (DCD 218) The documents filed by House show that he was appointed counsel in that case from the Juvenile Defenders Panel. The Order certifying House as an Adult for the criminal case notes that House's attorney was Zeke Graves. House had counsel for his Tennessee certification proceeding. He may not attack that proceeding on any other basis, including whether that attorney was effective.

## IV. CONCLUSION

For the foregoing reasons, this Court denies House's § 2255 petition without an evidentiary hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because House has not made a substantial showing of the denial of a federal constitutional right.

Dated this 22nd day of June, 2021

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE